# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| TERRY HEGGS, | Case No. 20-CV-2118 (DSD/KMM) |
| Plaintiff, | |
| v. | |
| JAY LINDBLOM, DEAN HIRSCH, SRG. CHAD DINGMAN, SRG. DEREK HIPPEN, SRG. SARAH SCHUMACHER, CALLIE HANSEN, RYLEE LUCKING, JASON RENSTROM, CORNTEYA DINGMAN, AUTUMN HIRSCH, LINDSEY KOHN, JAIL ADMINISTRATOR, COUNTY AND KANABEC COUNTY/MORA, | **REPORT & RECOMMENDATION** |
| Defendants. | |

This matter is before this Court for review of Plaintiff Terry Heggs' pro se amended complaint concerning the conditions of his confinement at the Kanabec County Jail. (ECF No. 8). For reasons that follow, the Court will recommend that some parties and claims be dismissed for failure to state a claim. By separate order, the Court will initiate service for the remaining defendants.

Under 28 U.S.C. § 1915A a complaint, or a portion of it can be dismissed if it fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(b)(1). Although a pro se litigant's claims need not be artfully pled, they must meet certain minimum standards. *See e.g. Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015), *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). To state an actionable claim for relief, a

1

plaintiff must allege a specific set of facts, which, if proven true, would entitle him to some appropriate relief against the named defendants under some cognizable legal theory. In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Additionally, federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Mr. Heggs is attempting to do here, a complaint must allege a set of historical facts showing that the named defendants violated plaintiff's federal constitutional rights while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To establish a defendant's liability in a civil rights action, a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing. *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017); *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims because plaintiff's complaint "failed to allege sufficient personal involvement by any of [the] defendants to support such a claim.") Pro se

2

complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone*, 364 F.3d at 914.

In his amended complaint, Mr. Heggs alleges that his First, Fifth, and Eighth Amendment rights have been violated. (ECF No. 8). He does not discuss defendants Jay Lindblom, Srg. Derek Hippen, Srg. Sarah Schumacher, Callie Hansen, Rylee Lucking, Jason Renstrom, Cornteya Dingman, Autumn Hirsch or the Jail Administrator by name in the amended complaint. To state a claim under § 1983, a plaintiff must describe the individual actions taken by named defendants. Mr. Heggs does not satisfy this requirement for any of the defendants that he did not discuss by name because he has not associated individualized actions with any of them. Therefore, this Court must recommend that Defendants Lindblom, Hippen, Schumacher, Hansen, Lucking, Renstrom, Cornteya Dingman, Autumn Hirsh and the Jail Administrator be dismissed for failure to state a claim.

Additionally, even if Mr. Heggs mentions conduct that theoretically *could* be associated with a violation of his First or Fifth Amendment rights, he does not properly associate the conduct with named defendants. For example, he alleges he would get locked down without being given a reason. This allegation could be broadly interpreted as one of disciplinary action without due process. However, because Mr. Heggs has not alleged which defendant acted in this fashion—locking him down as discipline without a hearing or due process—he cannot maintain a claim for this theory of relief. This Court will recommend that his Fifth Amendment claim be dismissed without prejudice because he failed to associate it with any specific named defendant.

Mr. Heggs' First Amendment claim suffers the same defect. Although he identified some conduct that could be consistent with a claim for retaliation under the First Amendment, he did not associate individual defendants with the conduct. To state a claim for retaliation under the First Amendment, a plaintiff must show that "(1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) *citing Naucke v. City of Park Hills*, 284 F.3d 923, 927-28 (8th Cir. 2002). Mr. Heggs alleged that staff, correctional officers and sergeants allowed him to be harassed by other inmates without intervention because he had written grievances against correctional officers. Additionally, he alleged that he was charged extra fees to make copies to prepare grievances and he was prevented from following the proper chain of command to lodge grievances and reports about incidents at the jail. These allegations suggest that Mr. Heggs attempted to exercise a First Amendment right by filing grievances, that he was prevented from doing so via chilling conduct, and that by his allegations the conduct was punishment for his filing of prior grievances. Mr. Heggs has identified the basic components of a First Amendment claim, but he has not pled this theory with appropriate detail because he does not specify which defendants acted in this manner. This Court recommends that the First Amendment claim be dismissed as insufficiently pled for failure to identify individual actors.

Finally, the Court notes that at the top of the amended complaint Mr. Heggs writes, "Kanabec County/Mora is being sued in its individual capacity." Under *Monell v. Department*

*of Social Services*, a government entity may be held liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" 436 U.S. 658, 694 (1978); *see also Remington v. Hoopes*, 611 Fed. Appx. 883, 885-86 (8th Cir. 2015). Mr. Heggs makes no mention of a violative custom or policy. His mention of "individual capacity" does not exempt him from the requirement that he identify a violative custom or policy because an individual capacity claim is not appropriate against a government entity. Individual capacity claims are against a government official for his or her own conduct, whereas official capacity claims are a suit against the entity that employs the official. *See e.g., Baker v. Chisom*, 501 F.3d 920 (8th Cir. 2007) (discussing the distinction between individual and official capacity claims); *Brandon v. Holt*, 469 U.S. 464 (1985) (discussing individual versus official capacity claims). Kanabec County or the City of Mora would be the employer of the other named defendants, rather than the employee. Thus, an individual capacity claim against these entities is not proper and does not obviate the requirement that Mr. Heggs identify a violative policy or custom. This Court will recommend dismissal of any and all claims against Kanabec County or the City of Mora as insufficiently pled.

As with the claims and parties discussed above, Mr. Heggs' complaint contains a number of allegations that hint at claims, but do not associate the alleged harms with individual actors. For example, Mr. Heggs alleged that staff allowed other inmates to attack or harass him. Conduct of this nature could perhaps amount to a claim for failure to protect if Mr. Heggs sustained physical harm. However, because Mr. Heggs did not associate these allegations with individually named defendants, any such claim cannot proceed.

5

Additionally, he alleged that he was knowingly exposed to Covid-19, and then he was denied a test when he exhibited symptoms. Again, theoretically allegations of this nature could amount to an Eighth Amendment claim for deliberate indifference, but because they are not associated with individualized actors, no claim can proceed.

Additionally, despite having some allegations that could amount to a claim if pled with more detail, this Court also notes that a more detailed complaint would likely run into the problems the original complaint did, being a "kitchen sink" pleading that combined too many discrete incidents together. As was previously explained, Federal Rule of Civil Procedure 20 prevents litigants from combining numerous separate claims and incidents into a single lawsuit. This is all to say the Court carefully considered Mr. Heggs' original and amended complaints when reviewing his case, and despite the numerous allegations, it was necessary to narrow the case down to just a few claims that were properly pled against a handful of parties. If Mr. Heggs wishes to bring separate lawsuits related to these other matters, he may do so.

Based on the deficiencies identified above, this Court will recommend that Mr. Heggs' claims against Defendants Lindblom, Hippen, Schumacher, Hansen, Lucking, Renstrom, Cornteya Dingman, Autumn Hirsh, the Jail Administrator and Kanabec County/Mora be dismissed for failure to state a claim. Additionally, this Court recommends that any First or Fifth Amendment claim be dismissed for failure to identify any conduct consistent with these legal theories. This leaves the Eighth Amendment claims against Defendants Srg. Chad Dingman, C.O. Hirsch and Lindsey Kohn for their alleged involvement in the incident where Mr. Heggs was placed in the gymnasium with a

6

threatening inmate and was told to fight. By separate order, this Court will make arrangements for the case to proceed against these three defendants.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** pursuant to 28 U.S.C. § 1915A(b) that:

1. All claims against Defendants Lindblom, Hippen, Schumacher, Hansen, Lucking, Renstrom, Cornteya Dingman, Autumn Hirsh, the Jail Administrator be **DISMISSED** for failure to identify individualized actions;

2. All claims against Kanabec County/Mora be **DISMISSED** for failure to state a claim; and

3. The First and Fifth Amendment claims be **DISMISSED** for failure to state a claim.

Date: April 16, 2021            *s/ Katherine Menendez*
                                Katherine Menendez
                                United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).