## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

TERRY HEGGS,                                          No. 20-cv-2118 (DSD/KMM)

      Plaintiff,

v.

                                         **ORDER**

DEAN HIRSCH; SGT. CHAD
DINGMAN; and LINDSEY KOHN,
County/Admin;

      Defendants.

This matter is before the Court on the motion for appointment of counsel filed by the Plaintiff, Terry Heggs. (ECF 16.)[1] Mr. Heggs previously moved for appointment of counsel (ECF 7), and the Court denied that motion on April 16, 2021 (ECF 9). For the same reasons articulated in the April 16th Order, Mr. Heggs' motion (ECF 16) is denied.

There is no constitutional or statutory right to appointed counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995). Instead, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Factors to consider in deciding whether to recruit counsel include the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the

---

[1]     Mr. Heggs addressed two separate documents to the Court that include a request for counsel. The first, at docket entry 16, is a May 26, 2021 letter specifically requesting an attorney. The Court has referred to this as Mr. Heggs' motion for appointment of counsel. The second, at docket entry 17, is another May 26th letter, in which he again asserts that he needs an attorney. In response to these documents, the Clerk of Court informed Mr. Heggs that the Clerk's Office could not grant the relief he requested, but explained that the letter at docket entry 16 had been filed as a motion. (ECF 18.)

ability of the indigent plaintiff to investigate the facts and present his claims. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

In the Court's April 16th Order, Mr. Heggs' previous motion for appointment of counsel was denied because "the case is not sufficiently complex to warrant the appointment of counsel at this time," and he was advised that he could renew his request "down the road if the relevant circumstances change." (ECF 9 at 3, ¶ 6.) The relevant circumstances have not changed. This case has not become more complex; it is not at the trial stage where skillful questioning of counsel regarding conflicting testimony may be needed; there is no indication that Mr. Heggs will be unable to investigate the facts; and he has shown himself to be capable of communicating with the Court about his claims. Mr. Heggs argues otherwise, asserting that he needs an attorney because several correctional officers he originally named as defendants in this case have been dismissed. (ECF 16; *see also* ECF 17 (discussing the dismissal of several named defendants and stating: "Clearly, I need an attorney on these things as I am not good at it.")[2].) However, the fact that a ruling has gone against Mr. Heggs does not justify appointment or recruitment of counsel on his behalf.

Accordingly, the motion for appointment of counsel is denied.

**IT IS SO ORDERED**

---

[2]    Although Mr. Heggs states that he is not sure whether he is prohibited from saying the names of any of the correctional officers who have been dismissed (ECF 17), nothing in the record prohibits him from doing so.

Date: August 19, 2021

_s/Katherine Menendez_
Katherine Menendez
United States Magistrate Judge