**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Terry Heggs,                                    Case No. 20-cv-2118 (DSD/DTS)

      Plaintiff,

v.                                              **REPORT AND RECOMMENDATION**

Dean Hirsch, Chad Dingman,
and Lindsey Kohn, *in their*
*individual capacities,*

      Defendants.

---

Plaintiff Terry Heggs alleges Kanabec County Jail employees Dean Hirsch, Chad Dingman, and Lindsey Kohn placed him in the jail gym with a threatening inmate and asked if he was ready to fight. Am. Compl. at 1, Dkt. No. 8. Defendants move for summary judgment on the ground that Heggs failed to administratively exhaust his claim. Dkt. No. 30. Heggs did not respond to their motion. The Court recommends the motion be granted because Heggs failed to use the available jail grievance procedure to exhaust his claim.

**FINDINGS OF FACT**

**I.      Procedural Background**

Heggs's Amended Complaint under 42 U.S.C. § 1983 alleges that numerous officials at the Kanabec County Jail violated his First, Fifth, and Eighth Amendment rights *See* Dkt. No. 8. The Court dismissed his First and Fifth Amendment claims and most of the Defendants, leaving only the Eighth Amendment claim against Hirsch, Dingman, and

Kohn in their individual capacities. *See* Order adopting Report and Recommendation, Dkt. Nos. 10, 13.

The Court issued a scheduling order providing for limited discovery on the issue of whether Heggs exhausted all available jail grievance procedures. Order at 3-5, Dkt. No. 27. The Court also allowed Defendants to file an early summary judgment motion on the exhaustion issue. *Id.* at 4-5. The order set a briefing schedule for such motion and stated that it would be decided on the written submissions without oral argument. *Id.*

Defendants served Rule 26(a)(1) Initial Disclosures on Heggs by the deadline stated in the scheduling order. Skelton Decl. ¶ 2 & Ex. 1, Dkt. Nos. 33, 33-1. Heggs did not serve any Initial Disclosures on Defendants. *Id.* ¶ 3. Thereafter Defendants moved for summary judgment based on Heggs's failure to exhaust his claim. Dkt. No. 30. Heggs did not respond to the motion, did not ask the Court for an extension of time to respond, and has had no other communication with the Court since the motion was filed.

## II.   Factual Background

Heggs was incarcerated at the Kanabec County Jail from December 19, 2019 to September 6, 2020. Bergwick Aff. ¶ 2, Dkt. No. 32. He participated in the jail orientation, which included being advised of the Kanabec County Jail Inmate Handbook. *Id.* ¶¶ 3-4 & Exs. A (jail booking sheet) & B (handbook), Dkt. Nos. 32, 32-1, 32-2. Heggs signed the booking sheet on December 19, 2019. *Id.* Ex. A. The handbook contains a Grievance Procedure for inmates which consists of three steps: (1) informal resolution, (2) written grievance using an inmate grievance form, and (3) written appeal. Handbook at 22, Ex. B, Dkt. No. 32-2. The appeal decision is final. *Id.*

Heggs alleges that on or about July 12 or August 12, 2020 Defendants placed him in the gym with a threatening inmate and asked if he was ready to fight. Am. Compl. ¶ 3, Dkt. No. 8; Dkt. No. 1-1 at 18.[1] He did not file a grievance regarding this incident. Bergwick Aff. ¶ 7, Dkt. No. 32. He filed numerous grievances and appeals regarding other complaints during the nine months he was at the jail. *Id.* ¶¶ 6, 8-9 & Ex. C (68 pages of grievances, responses, and appeals from January 29 to August 25, 2020), Dkt. No. 32-3.

## CONCLUSIONS OF LAW

### I.    Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of identifying the basis for its motion and the portions of the record that it believes demonstrates the absence of a genuine dispute of material fact. *Bedford v. Doe,* 880 F.3d 993, 996 (8th Cir. 2018). Once the moving party satisfies the initial burden, the nonmoving party must respond by submitting evidentiary materials of specific facts showing the presence of a genuine issue for trial. *Id.* at 997. The nonmoving party must do more than raise some metaphysical doubt about the material facts and cannot rest on mere denials or allegations. *Id.* Rather, he must present enough evidence so that a jury could reasonably find in his favor. *Id.*

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust all available administrative remedies before bringing a civil rights claim under § 1983. 42 U.S.C. § 1997e(a). The "boundaries of proper exhaustion" are defined by the facility's

---

[1] As Defendants point out, the Amended Complaint does not state the date of the incident, but "7-12-2020" is written next to paragraph 5 on page 18 of the materials Heggs attached to his original Complaint. *See* Def. Mem. 3 n.1, Dkt. No. 31. Paragraph 5 continues on page 19, and "8-12-2020" is written in the margin. *See* Dkt. No. 1-1 at 19.

specific administrative requirements. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Exhaustion is mandatory under the PLRA, and unexhausted claims cannot be brought in court. *Id.* at 211. The benefits of exhaustion include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Id.* at 219. However, the PLRA requires exhaustion of only "such administrative remedies as are available." 42 U.S.C. § 1997e(a). The availability of a remedy is "about more than whether an administrative procedure is 'on the books.'" *Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018) (quoting *Ross v. Blake*, 578 U.S. 632, 643 (2016)). An administrative remedy is not available or "capable of use," for example, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 643-44.

## II.    Analysis

The evidence shows that the Kanabec County Jail's grievance procedure is set forth in the inmate handbook and that Heggs was made aware of the handbook during his orientation into the jail. He followed the procedure to file well over a dozen grievances and an almost equal number of appeals during his nine months at the jail. Defendants submitted 68 pages of documents showing his grievances and appeals, along with jail officials' responses to them. Thus, Heggs knew the grievance procedure was available and made ample use of it, but he did not file any grievance regarding the gym incident alleged in his Amended Complaint.

Heggs did not respond to the summary judgment motion. Because there is no genuine dispute of material fact with respect to Heggs's failure to exhaust administrative remedies, the Court recommends that Defendants' motion be granted.

## RECOMMENDATION

Based on the above, and on all of the files, records, and proceedings herein, the Court RECOMMENDS that Defendants Dean Hirsch, Chad Dingman, and Lindsey Kohn's Motion for Summary Judgment [Dkt. No. 30] be **GRANTED**.

Dated: July 7, 2022                             ___s/David T. Schultz_____
                                                 DAVID T. SCHULTZ
                                                 U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).